IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TYRONE ADAMS, | ) | |
| ID # 768323, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-1178-H (BH) |
| | ) | ECF |
| DOUGLAS DRETKE, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** Petitioner challenges his 1996 convictions and resulting sentences (seventy-five years and life) for aggravated robbery in Cause Nos. F-96-43665-JR and F-96-43666-JR. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) This is his second federal petition for writ of habeas corpus challenging those convictions. (*Id.* at 4(B) and 8.) He previously claimed that his convictions were in violation of the double jeopardy clause of the United States Constitution and that

his trial and appellate attorneys rendered ineffective assistance by not challenging the double jeopardy violation. *See Adams v. Cockrell*, No. 3:02-CV-1703-G (N.D. Tex. Sept. 3, 2002) (Am. Pet.). On December 9, 2002, the Court dismissed the prior petition as untimely. *Id.* (Judgment and Order dated Dec. 9, 2002).

In the instant petition, petitioner again asserts his alleged double jeopardy violation. (Pet. at 8.) He also claims that there is insufficient evidence to support his convictions and that the indictment was fundamentally defective for failing to name the proper complainant. (*Id.* at 7.) He further alleges that he received ineffective assistance of counsel when his attorney failed to challenge the defective indictment or ownership of the alleged stolen property, failed to follow-up with other suspects, and failed to object to plainly erroneous testimony. (*Id.*)

Because petitioner has filed a previous federal petition, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive, however, is not necessarily a second or

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases

successive application for purposes of the AEDPA. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion. *Id.* "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion. The Court dismissed the prior petition as untimely. Such a dismissal is not the type of procedural ruling that would make a later-filed petition non-successive. *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003), *cert. denied*, 124 S. Ct. 2895 (2004); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). A prior untimely petition "count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims." *Altman*, 337 F.3d at 766.

When a petitioner has pursued a prior federal petition for writ of habeas corpus that counts for purposes of determining whether a subsequent petition is successive, *Orozco-Ramirez* and *Crone* require the petitioner to present all available claims related to his conviction and sentence in that prior petition. *See* 211 F.3d at 867; 324 F.3d at 836-37.

> "The requirement that all available claims be presented in a prisoner's [prior] habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle.

---

decided under § 2255 and those under § 2254.

> The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1996 aggravated robbery convictions in a prior federal petition. Herein, he challenges the same convictions and asserts four grounds for relief that were or could have been raised in his prior petition. Because the instant petition raises claims that petitioner raised or could have raised in his prior petition, the petition is successive within the meaning of 28 U.S.C. § 2244(b).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.

4

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears warranted. By filing this petition to challenge convictions from 1996 based upon facts that were or should have been discovered long ago, petitioner has abused the judicial process.[2]

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

**SIGNED this 14th day of December, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]  This Court previously dismissed a prior petition as untimely. There is ample reason to believe the instant petition is likewise untimely. The Court may not, however, consider the timeliness of a successive petition without the requisite pre-approval of the Fifth Circuit Court of Appeals.

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE